**Gene Thomas MEYER**

v.

**Richard A. LANHAM, Sr. and J. Joseph Curran.**

No. CIV. S 98–1692.

United States District Court, D. Maryland.

Sept. 3, 1998.

Fred Warren Bennett, Law Office, Greenbelt, MD, Perry J. Becker, Lochte, Murray, Northrop, Schiff & Shelby, Bowie, MD, for Gene Thomas Meyer, petitioner.

Regina H. Lewis, Attorney General of Maryland, Baltimore, MD, for Richard A. Lanham, Sr., Commissioner, Division of Correction, J. Joseph Curran, Attorney General of the State of Maryland, respondents.

### MEMORANDUM OPINION

SMALKIN, District Judge.

In this section 2254 habeas corpus case, the Court entered a Memorandum Opinion and Order on June 3, 1998, calling upon the respondents to address a claim made by the petitioner under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and other case dealing with use at trial of an accomplice's statements to police implicating a defendant in the crime. The respondents have now provided an answer addressing that claim. All other claims were summarily dismissed in the Court's June 3, 1998, Memorandum Opinion and Order.

The petitioner was convicted in the Circuit Court for Prince George's County, Maryland, in 1978, of offenses including the first degree murder of the wife of a Mr. Lewis and the second degree murder of Lewis' infant daughter. For Meyer's having committed these murders, Lewis agreed to pay Meyer money and to murder Meyer's wife. *See Lewis v. State,* 285 Md. 705, 404 A.2d 1073 (1979); *Meyer v. State,* 43 Md.App. 427, 406 A.2d 427, *cert. denied,* 286 Md. 730 (1979), *cert. denied,* 446 U.S. 938, 100 S.Ct. 2159, 64 L.Ed.2d 792 (1980).

Now, many years later, the petitioner attacks his conviction on a number of grounds, including the ground that the Court now addresses, *viz.,* violation of the rule in *Bruton.* As noted, the Court has already summarily dismissed all contentions save one.

The Court first notes that this is not precisely a *Bruton* issue, in that Meyer and Lewis were separately tried.

As the PCPA judge held, the reception into evidence of statements made by Lewis implicating Meyer in a mutual wife-killing was not for the truth of the matters asserted by Lewis, but simply to set the stage for testimony concerning the interrogation of Meyer, who was faced with Lewis' statement during police questioning. *See* the December 18, 1996 post-conviction opinion of Judge

Krauser, at 5–6 (appended to respondents' answer).

■ Under these circumstances, there was no violation of the *Bruton* rule or its analogs applicable where defendants are tried separately, in that the incriminating statements of the other individual implicated in the crime were not admitted for the purpose of their truth. *Lee v. McCaughtry*, 892 F.2d 1318 (7th Cir.), *cert. denied*, 497 U.S. 1006, 110 S.Ct. 3244, 111 L.Ed.2d 754 (1990). *See also*, *Cargill v. Turpin*, 120 F.3d 1366, 1372–75 (11th Cir.1997). Furthermore, the rules in *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), and *Douglas v. State of Ala.*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), do not preclude the admission of the statements in this case, where they were not introduced as substantive evidence, but rather, to set the stage for the interrogation of Mr. Meyer and the statement he made during that interrogation. Unlike the situation in *Douglas, supra*, the statement of Lewis was not read verbatim to the jury in this case, nor was any special emphasis placed upon it by the witnesses or the prosecutor. Thus, the Court cannot say that *Douglas* prohibited what happened in this case or that the Maryland court unreasonably applied any Supreme Court precedent.

In short, review of the state court's disposition of his contention convinces this Court that the state court did not reach a decision that was contrary to, or involving an unreasonable application of, clearly established federal law as embodied in Supreme Court decisions, nor was it a decision that was based on an unreasonable determination of the facts. Therefore, habeas corpus relief cannot be granted under 28 U.S.C. § 2254(d), as amended in 1996. *See Green v. French*, 143 F.3d 865 (4th Cir.1998).

■ It may well be that the better practice would have been for the trial court to have given a limiting instruction *sua sponte*, but under the amended habeas corpus statute as set forth above and as construed in *Green*, this Court's role in adjudicating habeas corpus petitions is not to act as a court of better practice or as a super-appellate court, but only to conduct the limited review that Congress has authorized in section 2254(d), as amended. The days of federal habeas courts overturning state convictions on nuances and niceties of constitutional interpretation—rather than because of flat holdings of the Supreme Court—are now clearly over.

Under the applicable standard of review, the petitioner has failed to make any case warranting hearing or other disposition other than denial of the petition on the merits, for reasons stated hereinabove and in the Court's earlier Memorandum Opinion. In view of the disposition of the claim discussed above on the merits, there is no need to address any ineffective assistance of counsel claim derived therefrom.

An Order will be entered separately, denying and dismissing the federal habeas corpus petition of Gene Thomas Meyer.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion and the Court's Opinion of June 3, 1998, it is, this 3rd day of September, 1998, by the Court, ORDERED:

1. That the petition of Gene Thomas Meyer for federal habeas corpus relief BE, and it hereby IS, DENIED and DISMISSED, pursuant to 28 U.S.C. § 2254(d), as amended; and

2. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.